

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| GARY LABRIE,<br><br>      Plaintiff,<br><br>vs.<br><br>PROGRESSIVE COMMERCIAL VEHICLE INSURANCE COMPANY, JOHN DOES 1-5, and ABC COMPANIES 1-3,<br><br>      Defendants. | No. CV 07-32-GF-SEH<br><br>**ORDER** |

On March 7, 2007, Defendant Progressive Commercial Vehicle Insurance Company filed a Notice of Removal with the Court. The removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction requires the defendant to carry the burden of showing removal is proper. Id. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Id.

The Notice asserts federal jurisdiction under 28 U.S.C. §§1332(a)(1). 28 U.S.C. §1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

The Complaint fails to state the citizenship of the parties or the amount in controversy. The Notice of Removal, however, does establish that diversity of citizenship exists. (See Defendant's Notice of Removal, pp. 2-3, ¶ 6 (March 7, 2007).)

If the complaint fails to allege the amount in controversy a notice of removal stating "the amount in controversy exceeds $75,000" is insufficient to establish the required amount in controversy. Gaus, at 566. The Defendant must state the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. Id. Here, Defendant offered no facts to support the Court's jurisdiction. Instead, Defendant states, in conclusory fashion, "Defendant believes that the amount in controversy in the action exceeds the sum of $75,000 . . . because of Defendant's belief that Plaintiff will be seeking damages in excess of this amount." (See Defendant's Notice of Removal, p. 2, ¶ 5 (March 7, 2007).)

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the Court has the duty to raise jurisdictional issues even if the parties do not. Sessions v. Chrysler Corp., 517 F.2d 759 (9th Cir. 1975).

ORDERED:

This case will be remanded to state court on April 27, 2007, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 10th day of April, 2007.

SAM E. HADDON
United States District Court